**McGuireWoods**

**McGuireWoods LLP**
2000 McKinney Ave
14th Floor
Dallas, TX 75201
Phone: 214.932.6400
Fax: 214.932.6499
www.mcguirewoods.com

**Grant M. Figari**
Direct: 469.372.3939
gfigari@mcguirewoods.com

May 2, 2023

<u>**Via E-File**</u>
The Honorable Andrew M. Edison, Magistrate Judge
United States District Courthouse, Southern District of Texas
601 Rosenberg, Sixth Floor
Galveston, Texas 77550

Re:   Civil Action No. 4:23-cv-0216; *Wealth Assistants LLC v. Bank of America, N.A.*, in the Southern District of Texas, Houston Division

Dear Judge Edison:

Pursuant to Procedures 1.E. and 6.B. of this Court, Defendant Bank of America, N.A. ("Bank of America") submits this letter requesting, at the Court's discretion, a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in response to the claims asserted in the First Amended Complaint filed by the Plaintiff Wealth Assistants LLC (the "Plaintiff").

### Background

The Plaintiff is a Bank of America customer and the account holder for three Bank of America accounts. The Plaintiff alleges that in November of 2022, Bank of America froze its accounts without explanation and did not return the Plaintiff's money for a period of several months. The Plaintiff asserts claims for DTPA violations, money had and received, unjust enrichment, breach of contract, violation of the Texas Theft Liability Act, conversion, and for recovery of attorneys' fees.

### Arguments in Support of a Motion to Dismiss

A.  <u>Texas Deceptive Trade Practices Act</u>

   i.   *The DTPA does not apply to transactions over $500,000*

By its terms, the DTPA does not apply to a transaction [or a set of transactions] totaling *more than $500,000*. *See* Tex. Bus. & Com. Code § 17.49(g). Here, the Plaintiff alleges that approximately $3,784.178.61 was wrongfully withheld. *See* 1st Am. Pet. at ¶ 10.

   ii.  *The Plaintiff's DTPA claims are preempted by an express contract*

May 2, 2023
Page 2

The relationship between the Plaintiff and Bank of America is contractual in nature. *See* 1st Am. Pet. at ¶ 38. Moreover, the Plaintiff's DTPA claim relies solely on misrepresentations Bank of America allegedly made regarding its contractual obligations. *See* 1st Am. Pet. at ¶ 18. The Plaintiff "cannot transform a breach of contract claim into a Texas Deceptive Trade Practices Act claim through reliance on allegations that the defendant misrepresented its intention to perform the contract." *See e.g., Ellis v. Yellow Book Sales & Distribution Co.*, Civil Action No. 2:11-CV-138-JRG, 2012 U.S. Dist. LEXIS 27702, 2012 WL 689273, at *1 (E.D. Tex. Mar. 2, 2012).

Accordingly, the Plaintiff's DTPA claim must be dismissed under Rule 12(b)(6).

B. <u>Breach of Contract</u> – The Plaintiff fails to allege what contractual provision or contract term(s) Bank of America breached. *See* 1st Am. Pet. at ¶ 38. In Texas, to properly plead a breach of contract by a defendant, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (O'Connor, J.).[1]

Accordingly, this claim must also be dismissed under Rule 12(b)(6).

C. <u>Texas Theft Liability Act</u> – There are no pled facts sufficiently stating the required element of intent to satisfy a TTLA claim. *See* 1st Am. Pet. at ¶ 42. "To state a claim under the Act, the plaintiff must show that the defendants possessed the requisite intent, which means that the defendants would have had a conscious desire or objective to deprive the plaintiffs of their property." *See e.g.*, *Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-342, 2012 U.S. Dist. LEXIS 142522, 2010 WL 463317, at *9-10 (E.D. Tex. Oct. 2, 2012) (dismissing TTLA claim where the plaintiff failed to identify facts in support of the required intent under the statute); cf. *Christensen v. State*, 240 S.W.3d 25, 32 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (Defining intent as "conscious desire or objective to deprive the plaintiffs of their property").

Accordingly, this claim must also be dismissed under Rule 12(b)(6).

D. <u>Conversion, Unjust Enrichment, Money Had and Received</u> – The Plaintiff's claims for conversion, money had and received, and unjust enrichment are precluded under the "economic-loss rule." *See* 1st Am. Pet. at ¶¶ 26-36; 44. As this Court has held, "When a valid, express contract covers the subject matter of the parties' dispute, there generally can be no recovery under a quasi-contract theory." *Humana, Inc. v. Shrader & Associates., LLP*, 584 B.R. 658, 677 (S.D. Tex. 2018) (citing *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000)).

Accordingly, these claims must also be dismissed under Rule 12(b)(6).

---

[1] *See also, e.g., Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011); *Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 1003–04 (S.D. Tex. 2011); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 953–54 (E.D. Tex. 2011); *American Realty Trust, Inc. v. Travelers Casualty & Surety Company of America*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005) (Godbey, J.); *Mae v. U.S. Property Solutions, L.L.C.*, 2009 U.S. Dist. LEXIS 36126, 2009 WL 1172711, at *2 (S.D. Tex. Apr. 28, 2009)(dismissing breach of contract claim where property owner failed to assert which provision of the loan was allegedly breached).

**Conclusion**[2]

For the foregoing reasons, Bank of America, N.A., by and through the undersigned counsel, respectfully requests permission to file a motion to dismiss with prejudice the claims asserted in the Plaintiff's First Amended Complaint and seeks a pre-motion conference to discuss said motion.

Respectfully submitted,

/s/ *Matthew D. Durham*
**Matthew D. Durham**
SBN: 2404226
gfigari@mcguirewoods.com
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 214.932.6499

**ATTORNEY FOR DEFENDANT
BANK OF AMERICA, N.A.**

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule 6(c)(2), I, Grant Figari, have made at least two attempts to contact the opposing party. Specifically, I called the Plaintiff's counsel and left a voicemail on May 1, 2023, and I emailed the Plaintiff's counsel on May 1, 2023 regarding the relief requested herein.

/s/ *Grant M. Figari*
**Grant M. Figari**

cc: All counsel of record (by ECF)

---

[2] In any Motion to Dismiss, Bank of America may also raise additional points, but the above represent the core of Bank of America's anticipated arguments.